# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STEVEN HURTADO,

    Plaintiff,

v.

WELLS FARGO BANK, et. al.,

    Defendants.

Case No. 3:24-CV-00233-CLB

**ORDER**

On June 6, 2024, Plaintiff Steven Hurtado ("Plaintiff") submitted a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 3-1). However, Plaintiff neither paid the full filing fee nor submitted a complete application to proceed *in forma pauperis*. Therefore, on June 10, 2024, the Court ordered Plaintiff to do so on or before Friday, August 9, 2024. (ECF No. 4). To date, Plaintiff has failed to submit a complete *in forma pauperis* application and has not paid the filing fee as directed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's June 10, 2024 order expressly stated if Plaintiff failed to pay the filing fee or file a completed application to proceed *in forma pauperis* on the Court's approved form on or before August 9, 2024, the Court would recommend dismissal of this action. (ECF No. 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court finds that this action should be dismissed without prejudice based on Plaintiff's failure to pay the filing fee or file a fully complete application to proceed *in forma pauperis* in compliance with this Court's June 10, 2024 order. (ECF No. 4).

///

///

**I.   CONCLUSION**

**IT IS THEREFORE ORDERED** that this action be **DISMISSED** without prejudice;

**IT IS FURTHER ORDER** that the Clerk of Court **ENTER JUDGMENT** accordingly.

**IT IS SO ORDERED.**

**DATED**:  August 12, 2024         .

_____
**UNITED STATES MAGISTRATE JUDGE**